No. 20,184.

O. M. TODD, *Appellee,* v. THE GROVIER PRODUCE COMPANY, *Appellant.*

#### SYLLABUS BY THE COURT.

SALE—*Breach of Contract—Damages—Bill of Particulars.* The proceedings examined and held a motion to make the bill of particulars more definite and certain was properly overruled, the action was not prematurely commenced, and an instruction relating to the defendant's contention, which was not sustained, was properly given.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed May 6, 1916. Affirmed.

*Arthur L. Maltby,* of Hutchinson, for the appellant.
*M. A. Aelmore,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for the breach of a contract to purchase sweet potatoes. The plaintiff recovered and the defendant appeals.

The action was commenced before a justice of the peace. The bill of particulars stated that the defendant agreed to buy four hundred bushels of sweet potatoes, at the price of eighty-five cents per bushel; the plaintiff delivered several loads, a load being fifty bushels, when the defendant notified the plaintiff to cease delivery, stating he was oversupplied and could not handle the potatoes; subsequent offers to deliver were declined; some of the plaintiff's sweet potatoes spoiled, and he sold the remainder for fifty cents per bushel, the market price. The bill of particulars contained the following allegation concerning the subject of delivery.

"That the plaintiff agreed to deliver and defendant agreed to accept said sweet potatoes at the rate of two or three loads per week, until the whole amount was delivered. That the defendant especially agreed with plaintiff that he would accept and use not less than one load or 50 bushels per week at the then market price of 85c per bushel."

The items of damages were stated and prayed for.

The defendant filed a motion to require the plaintiff to make the bill of particulars more specific. In the district court the motion was renewed, but it pointed out no aspect in which the allegations were indefinite or uncertain. A demurrer to the bill of particulars was filed on the ground it did not state a cause of action and did not comply with the rules of pleading. The demurrer was overruled. At the trial the plaintiff testified that the contract was oral. He delivered a load of sweet potatoes on a certain Monday and was told to call the defendant by telephone on Tuesday evening. The defendant thought another load could be delivered about Wednesday or Thursday. On the following Monday the plaintiff delivered another load. The defendant kept putting the plaintiff off, and finally told the plaintiff he could not use the potatoes. In the meantime the price of sweet potatoes had dropped to fifty cents per bushel. An instruction to the jury stated that the parties did not agree concerning the terms of the contract and that the de-

Todd v. Produce Co.

fendant contended he was to take the potatoes only if he could use them. The instruction then proceeded as follows:

"In this connection the jury are instructed that if you believe from the evidence that the contract was that the defendant was to take plaintiff's sweet potatoes at 85c per bushel and to take them only as he could use them, this would mean in law that the defendant was to take them within a reasonable time, and what was a reasonable time is a question for the jury to determine from all the evidence and circumstances in the case."

It is said the bill of particulars was too indefinite to sustain further proceedings because of the quoted allegation relating to delivery. The court has expressed itself so often upon the subject of informalities in pleadings before a justice of the peace that a restatement of the rule is not required. The bill of particulars was much more definite and certain than the motion attacking it, and whatever doubt about the nature of the charge the defendant may have had at the beginning was probably cleared up at the trial before the justice of the peace. However this may be, on its face the bill of particulars disclosed a contract to accept two or three loads per week, and at all events to accept not less than one load per week. Therefore the contract and the statement of it in the bill of particulars were sufficiently definite and the motion and demurrer were properly overruled.

It is said that if the plaintiff's version of the contract be accepted the action was prematurely brought. The argument is that at the rate of one load per week the defendant had eight weeks in which to take the sweet potatoes, and the action was brought before the expiration of that time. Conceding that this might be true if the plaintiff were suing on the contract for the price of his sweet potatoes, he did not choose that course. The defendant notified the plaintiff he could not use the potatoes and so put an end to the contract. The plaintiff was required to reduce his damages if possible, and did so by selling his sweet potatoes at the market price. As soon as his damages were ascertained he sued, not for the sum to be paid according to the contract, but for the damages resulting from the defendant's repudiation of the contract.

It is said the instruction quoted was improperly given, because the contract fixed the terms of delivery. The evidence

establishing the contract is not abstracted, and the statement in the instruction as to the defendant's version of it must be accepted. The correctness of this contention was a matter for the jury. Should they accept the defendant's view they needed to know the time limit which the law allows for the performance of such a contract.

There is nothing in the abstract or brief tending to show that the plaintiff did not have a meritorious cause of action, and no complaint is made of the amount of the verdict. The defendant has suffered no prejudice to any of his substantial rights, and the judgment of the district court is affirmed.